RODGERS v. BELL et al.   (No. 2059.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1919.   Rehearing Denied Jan. 9, 1919.)

EVIDENCE ⬤══186(4), 317(4)—HEARSAY—SUBSCRIBING WITNESS.

In trespass to try title, depending upon whether a deed was forged, where it appeared that the deed was destroyed, and the parties, witnesses, and notary had died, declaration by a witness that an attesting witness said he had seen the grantor sign the deed, in corroboration of other testimony, was not inadmissible as hearsay.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Trespass to try title by W. C. Rodgers against J. H. Bell and others, with cross-bill by defendants. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Rube S. Wells and B. B. Sturgeon, both of Paris, for appellant.

Moore & Hardison and W. A. Hutchinson, all of Paris, for appellees.

LEVY, J.   The appellant brought the suit against the appellees in trespass to try title to a certain tract of land. The appellees pleaded not guilty, and by cross-bill sought to recover title to the land. Appellees also filed an affidavit that a certain deed was a forged instrument. The main issue in the case was that respecting the alleged forged deed. In a trial before the court without a jury the following finding and conclusion were filed:

"Defendants having filed an affidavit charging that a deed purporting to have been executed by B. F. Kennedy and wife to Zora Kennedy, of date August 27, 1896, is a forgery, and the plaintiff having failed to prove the execution of said deed, I find that said deed was not executed by B. F. Kennedy and N. J. Kennedy. I therefore conclude that the defendants are entitled to judgment for the land in controversy."

The alleged makers as well as the witnesses to the deed in issue were dead at the time of the suit. The notary public purporting to take the acknowledgments of the grantors in the deed died some time before the trial, and it was shown that the original instrument in controversy was offered in evidence. On the deed appeared the names of two attesting witnesses, John B. Davis and J. E. Horner; and the plaintiff offered to prove by the son-in-law of John B. Davis the following:

"In the winter before Mr. Davis died in June we were sitting before the fire talking about the old people in the country who used to live out there, and he remarked that he witnessed a deed

from Ben Kennedy to his niece, and that Mr. Horner, as I understood him, also witnessed it."

The court, on objection that it was hearsay evidence, refused to permit this testimony, and the appellant predicates error upon the ruling.

The original deed being destroyed, and the grantors and witnesses being dead, it would be a difficult thing to make any proof of the handwriting of these parties to the instrument; and in these circumstances the next best evidence is proof of declarations of the attesting witness. The declaration here in hand is circumstantially relevant to show that Mr. Davis did, as the deed showed, witness the signing of the deed by the purported grantors, and that he did not subscribe his name to a false attestation. This, when shown, is a circumstance of corroboration of other testimony in the record. It is believed that the rule of hearsay evidence has in this particular case no application. 16 Cyc. p. 1146; 10 R. C. L. 300; 1 R. C. L. 41.

The error, it is concluded, is sufficient to cause a reversal of the judgment, and to remand the cause for another trial.

Reversed and remanded.